1 Ian A. Stewart (State Bar No. 250689)
Ian.Stewart@wilsonelser.com
2 Jason M. Yang (SBN 287311)
Jason.Yang@wilsonelser.com
3 **WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**
4 555 Flower Street, Suite 2900
Los Angeles, California 90071-2407
5 Telephone:(213) 443-5100
Facsimile: (213) 443-5101
6
7 David M. Macdonald, *admitted Pro Hac Vice*
dmacdonald@macdonalddevin.com
8 James R. Parish, *Pro Hac Vice*
jparish@macdonalddevin.com
9 **MACDONALD DEVIN, P.C.**
3800 Renaissance Tower
10 1201 Elm Street
Dallas, Texas 75270
11 Tel: (214) 744-3300
Fax: (214) 747-0942
12
13 Attorneys for Defendant,
MECTA CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RIERA; MICHELLE HIMES; DIANE SCURRAH; DEBORAH CHASE; individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MECTA CORPORATION; SOMATICS LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:17-cv-06686-RGK-PJW<br><br>Hon. R. Gary Klausner<br>Courtroom 850<br><br>**DEFENDANTS MECTA CORPORATION AND SOMATICS, LLC'S MOTION TO DISMISS PLAINTIFFS' CLAIMS BASED ON THE STATUTE OF LIMITATIONS**<br><br>**DATE: April 9, 2018**<br>**TIME: 9:00 a.m.** |

1

2985450v.1

## I. INTRODUCTION

Defendants MECTA Corporation ("Mecta") and SOMATICS, LLC ("Somatics") (collectively referred to as "Defendants") file this Motion to Dismiss Plaintiffs' Claims Based on the Statute of Limitations.

Plaintiffs Marcia Benjamin's, Daniel Benjamin's, Michelle Himes', and Diane Scurrah's claims should be dismissed because, as plead, their alleged injuries occurred more than two years before the above captioned case was filed and their claims are not tolled under the discovery rule.

For these reasons, as more fully explained below, Plaintiffs Marcia Benjamin's, Daniel Benjamin's, Michelle Himes', and Diane Scurrah's claims should be dismissed with prejudice.

## II. BACKGROUND

On September 11, 2017, Plaintiffs filed the above captioned case against Defendants alleging that Plaintiffs (except for Plaintiff Daniel Benjamin) received electroconvulsive therapy ("ECT") in California via ECT devices manufactured by unknown entities and were allegedly injured.[1] Plaintiffs (except for Plaintiff Daniel Benjamin) bring claims for negligence per se and strict products liability for failure to warn under California law.[2] Plaintiffs' causes of action are based solely on Defendants' alleged failure to provide information to the Food and Drug Administration.[3] Plaintiff Daniel Benjamin was not administered ECT, but his claim is for loss of consortium as the alleged husband of Plaintiff Marcia Benjamin,[4] which is tied to Plaintiff Marcia Benjamin's claims.

As alleged in Plaintiffs' Second Amended Complaint, Plaintiff Marcia Benjamin allegedly "underwent a series of 22 separate rounds of ECT . . . between

---

[1] *See* Plaintiffs' Original Complaint, Docket Entry 1.
[2] *Id*.
[3] *See* Plaintiffs Second Amended Complaint, at ¶¶ 88-108, Docket Entry 42.
[4] *Id*. at ¶¶ 33, 110-114.

2

about January 2011 to September 2014."[5] Plaintiff Daniel Benjamin was not administered ECT, but his claim is for loss of consortium,[6] which is tied to Plaintiff Marcia Benjamin's claims.

Plaintiff Michelle Himes allegedly "obtained over twenty rounds of ECT . . . between about April 2011 and about July 2012 . . . ."[7]

Plaintiff Diane Scurrah allegedly "underwent over fifty-eight rounds of ECT . . . in seeking to treat her bipolar disorder, beginning on March 28, 2012 and continuing for about nine months."[8]

Plaintiffs allege that they "diligently filed this suit in a timely fashion upon discovering the facts giving rise to the claims asserted herein, namely that Defendants failed to satisfy the reporting requirements imposed by the FDCA, MDA and SMDA."[9]

### III. LAW AND ARGUMENT

#### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim on which relief may be granted. On such a motion, a court must accept well-pleaded factual allegations as true,[10] but not those that are unwarranted deductions of fact based on unreasonable inferences or conclusory statements.[11]

#### B. California Statute of Limitations

A federal court sitting in diversity on a state law claim must apply the state

---

[5] *Id*. at ¶ 32.
[6] *Id*. at ¶¶ 33, 110-114.
[7] *Id*. at ¶ 35.
[8] *Id*. at ¶ 36.
[9] *Id*. at ¶ 87.
[10] *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) (citation omitted).
[11] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

3

2985450v.1

statute of limitations.[12] Because the statute of limitations is an affirmative defense, the "defendant has the burden of proving the action is time-barred."[13]

Under California Civil Procedure Code § 335.1, personal injury claims based on defective products are subject to a two-year limitations period.[14] "In ordinary . . . actions, the statute of limitations . . . begins to run upon the occurrence of the last element essential to the cause of action."[15] Therefore, for personal injury claims, the date of accrual of the cause of action is generally the date of physical injury.[16] The statute of limitations applicable to a loss of consortium claim is also two years.[17]

Although the general rule provides that the statute of limitations begins to run "when the cause of action is complete with all of its elements,"[18] the discovery rule delays the commencement of the running of the statute until the plaintiff "is aware of her injury and its negligent cause."[19] Under the discovery rule, the statute of limitations begins to run not when the plaintiff sustains her injury, but rather "when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her."[20]

Thus, the discovery rule "delays accrual until the plaintiff has, or should

---

[12] *Bancorp Leasing & Fin. Corp. v. Agusta Aviation Corp.,* 813 F.2d 272, 274 (9th Cir.1987).
[13] *Grisham v. Philip Morris, Inc.,* 670 F.Supp.2d 1014, 1020 (C.D. Cal. 2009) (citation omitted).
[14] *Soliman v. Philip Morris Inc.,* 311 F.3d 966, 971 (9th Cir. 2002).
[15] *Gutierrez v. Mofid,* 39 Cal.3d 892, 899, 218 Cal.Rptr. 313, 705 P.2d 886 (1985) (citation omitted).
[16] *See Jolly v. Eli Lilly & Co.,* 44 Cal.3d 1103, 1109, 245 Cal.Rptr. 658, 751 P.2d 923 (1988).
[17] *Viramontes v. Pfizer, Inc.*, No. 2:15-CV-1754, 2015 WL 9319497, at *10 (E.D. Cal. Dec. 23, 2015), *report and recommendation adopted*, No. 2:15-CV-1754, 2016 WL 704715 (E.D. Cal. Feb. 23, 2016) (citations omitted).
[18] *Norgart v. Upjohn Co.,* 21 Cal.4th 383, 389, 87 Cal.Rptr.2d 453, 981 P.2d 79 (1999).
[19] *Jolly,* 44 Cal.3d at 1109, 245 Cal.Rptr. 658, 751 P.2d 923.
[20] *Id.* at 1110, 245 Cal.Rptr. 658, 751 P.2d 923.

2985450v.1

have, inquiry notice of the cause of action."[21] However, a "plaintiff whose complaint shows on its face that [her] claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."[22]

    C.    <u>Plaintiffs Marcia Benjamin's, Daniel Benjamin's, Michelle Himes', and Diane Scurrah's Claims are Time-Barred and Should be Dismissed</u>

As alleged, Plaintiff Marcia Benjamin's alleged last round of ECT occurred in **September 2014**,[23] Plaintiff Michelle Himes alleged last round of ECT occurred in **July 2012**,[24] and Plaintiff Diane Scurrah alleged last round of ECT occurred in **December 2012 or January 2013**.[25]

Plaintiffs filed suit in this case on **September 11, 2017**.[26] In the case of Plaintiff Marcia Benjamin, her personal injury claims were therefore extinguished in **September 2016**, a year before this case was filed. Plaintiff Daniel Benjamin was not administered ECT, but his claim is for loss of consortium as the alleged husband of Plaintiff Marcia Benjamin, which is tied to Plaintiff Marcia Benjamin's claims.[27] Therefore, Plaintiff Daniel Benjamin's claims were extinguished at the same time Plaintiff Marcia Benjamin's claims were extinguished, in **September 2016**.

In the case of Plaintiff Michelle Himes, her personal injury claims were extinguished in **July 2014**, more than three years before this case was filed. In the case of Plaintiff Diane Scurrah, her personal injury claims were extinguished in

---

[21] *Fox v. Ethicon Endo–Surgery, Inc.,* 35 Cal.4th 797, 807, 27 Cal.Rptr.3d 661, 110 P.3d 914 (2005).
[22] *Id.* at 808, 27 Cal.Rptr.3d 661, 110 P.3d 914 (citation omitted).
[23] Plaintiffs Second Amended Complaint, at ¶ 32, Docket Entry 42.
[24] *Id*. at ¶ 35.
[25] *Id*. at ¶ 36.
[26] Plaintiffs' Original Complaint, Docket Entry 1.

5

**December 2014 or January 2015**, more than two years before this case was filed.

Because Plaintiffs Marcia Benjamin's, Daniel Benjamin's, Michelle Himes', and Diane Scurrah's claims accrued more than two years before this case was filed, their claims should be dismissed with prejudice.

D. <u>Plaintiffs' Claims Were Not Tolled Under the Discovery Rule</u>

In Plaintiffs' Second Amended Complaint, Plaintiffs allege that they "diligently filed this suit in a timely fashion upon discovering the facts giving rise to the claims asserted herein, namely that Defendants failed to satisfy the reporting requirements imposed by the FDCA, MDA and SMDA."[28] However, Plaintiffs have not "specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."[29] In assessing the sufficiency of the allegations of delayed discovery, "the court places the burden on the plaintiff to 'show diligence'; 'conclusory allegations will not withstand demurrer.'"[30]

Plaintiffs may attempt to rely on paragraphs 85 and 86 of their Second Amended Complaint, which state:

> 85. Defendants concealed the facts such that no plaintiff reasonably would have known of facts giving rise to this suit: namely, that [Mecta, Somatics, and Does 1-10] comprehensively failed to investigate adverse events, conduct human clinical trials, and report all safety and effectiveness data known or available relating to the use of their ECT devices to the FDA, as was required by the three FDA orders and the state medical device warning duties running parallel thereto.
>
> 86. Because of Defendants' fraudulent concealment of facts, no member of the putative class knew or should have known that Defendants failed to comply with federal statutory requirements or the

---

[27] *Id.* at ¶¶ 33, 110-114.
[28] *Id.* at ¶ 87.
[29] *Fox v. Ethicon Endo–Surgery, Inc.,* 35 Cal.4th at 808.
[30] *Id.*

6

2985450v.1

dangers inherent in use of ECT . . . devices that gave rise to their claims asserted herein.[31]

However, as this Court has held:

> 'Absent a fiduciary relationship, nondisclosure is not fraudulent concealment—affirmative deceptive conduct is required.' *Long v. Walt Disney Co.,* 116 Cal.App.4th 868, 874, 10 Cal.Rptr.3d 836 (2004). *See Rutledge v. Boston Woven Hose and Rubber Co.,* 576 F.2d 248, 250 (9th Cir. 1978) ("Silence or passive conduct of the defendant is not deemed fraudulent, unless the relationship of the parties imposes a duty upon the defendant to make disclosure"); *Lauter v. Anoufrieva,* 642 F.Supp.2d 1060, 1100 (C.D. Cal. 2009) (under California law, "[a] plaintiff alleging fraudulent concealment must establish that his failure to have notice of his claim was the result of the affirmative conduct by the defendant"). *See also Keilholtz,* 2009 WL 2905960 at *5 ("[t]he rule of fraudulent concealment is applicable whenever the defendant intentionally prevents the plaintiff from instituting suit," quoting *Bernson v. Browning–Ferris Indus. of California, Inc.,* 7 Cal.4th 926, 931, 30 Cal.Rptr.2d 440, 873 P.2d 613 (1994)).
>
> 'When a plaintiff relies on a theory of fraudulent concealment . . . to save a cause of action that otherwise appears on its face to be time-barred, he or she must specifically plead facts which, if proved, would support the theory.' *Mills v. Forestex Co.,* 108 Cal.App.4th 625, 641, 134 Cal.Rptr.2d 273 (2003). 'In order to establish fraudulent concealment, the complaint must show: (1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry.' *Id.* (quoting *Baker v. Beech Aircraft Corp.,* 39 Cal.App.3d 315, 321, 114 Cal.Rptr. 171 (1974)).[32]

In this case, Plaintiffs have not plead (1) that Defendants committed affirmative deceptive conduct rather than alleged nondisclosure; (2) when the alleged fraud was discovered; (3) the circumstances under which the alleged fraud

---

[31] Plaintiffs Second Amended Complaint, at ¶¶ 85-86, Docket Entry 42.
[32] *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1131 (C.D. Cal. 2010).

7

2985450v.1

was discovered; and (4) that Plaintiffs were not at fault for failing to discover the alleged fraud or had no actual or presumptive knowledge of facts sufficient to put them on inquiry into the alleged fraud.

Therefore, Plaintiffs Marcia Benjamin's, Daniel Benjamin's, Michelle Himes', and Diane Scurrah's claims were not tolled under the discovery rule and should be dismissed with prejudice.

## IV. CONCLUSION

For these reasons, Plaintiffs Marcia Benjamin's, Daniel Benjamin's, Michelle Himes', and Diane Scurrah's claims should be dismissed with prejudice.

Dated: March 8, 2018         WILSON, ELSER, MOSKOWITZ,
                                         EDELMAN & DICKER LLP


                             By: /s/ Ian A. Stewart
                                 Ian A. Stewart
                                 Jason M. Yang
                                 Attorneys for Defendant,
                                 MECTA CORPORATION


Dated: March 8, 2018         MACDONALD DEVIN, P.C.


                             By:/s/ David M. Macdonald
                                 David M. Macdonald, *admitted Pro Hac Vice*
                                 James R. Parish, *Pro Hac Vice*

8

2985450v.1