UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-06686-RGK-PJW | Date | March 19, 2018 |
|---|---|---|---|
| Title | *RIERA ET. AL. v. MECTA CO. ET. AL.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiffs' Motion for Class Certification

## I. INTRODUCTION

On November 7, 2017, Marcia Benjamin, Daniel Benjamin, Jose Riera, Michelle Himes, Diane Scurrah, and Deborah Chase (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, filed a First Amended Complaint ("FAC") against Mecta Corporation and Somatics LLC (collectively "Defendants") alleging (1) negligence/negligence per se; (2) strict product liability—marketing and information defect—failure to warn; and (3) loss of consortium.

On December 10, 2017, Plaintiffs filed the current Motion for Class Certification, continued by stipulation to March 12, 2018.

On March 6, 2018, Plaintiffs filed a Second Amended Complaint ("SAC") to include the spousal loss of consortium subclass in the proposed class definition, as Plaintiffs do in their Motion for Class Certification. In the FAC, Plaintiffs had inadvertently included such spouses in the same class as those who received ECT treatment.

For the following reasons, the Court **DENIES** Plaintiffs' Motion.

## II. FACTUAL BACKGROUND

Plaintiffs allege the following in the SAC:

Defendants are the only U.S. manufacturers of electroconvulsive therapy ("ECT") devices. ECT devices are used for treating patients with severe psychiatric disturbances by applying a brief intense electrical current to the patient's head to induce a major motor seizure. Defendants failed to comply with statutory obligations to report or address information about the safety and effectiveness of the device. As a result, ECT devices have never satisfied premarket approval standards required of such medical devices. Moreover, Defendants' failure to warn the FDA of the devices' risks left the public, including medical providers and members of the putative class, without information about its dangers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-06686-RGK-PJW | Date | March 19, 2018 |
|---|---|---|---|
| Title | *RIERA ET. AL. v. MECTA CO. ET. AL.* | | |

Plaintiffs are six California citizens who seek to represent a proposed class of:

1) All individuals in the United States who received ECT shock treatment in California after May 28, 1982, administered by an ECT shock device that was manufactured, sold and/or distributed by Defendants after May 28, 1982, and who suffered an injury as a result thereof, with the exception of [government entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members].
2) All spouses of such individuals that have suffered related loss of consortium damages.

Plaintiffs allege that they and members of the putative class are suffering from concussive brain trauma and varying degrees of ensuing physiological, psychological and emotional trauma including skin burns, permanent brain damage, severe permanent cognitive and memory impairment, broken teeth, prolonged seizures, myocardial infarction, ruptured bowels, acute and/or chronic organic brain syndrome, complete neurological collapse, and sometimes death, secondary to ECT shock treatment.

### III. JUDICIAL STANDARD

For the Court to grant class certification, the plaintiff must establish that the following elements have been established pursuant to Federal Rule of Civil Procedure ("Rule") 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a); *see Hanlon et. al. v. Chrysler Co. et. al.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Plaintiff must also satisfy one of the requirements under Rule 23(b). *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 753 (9th Cir. 2010).

### IV. DISCUSSION

Plaintiffs argue that their proposed class satisfies the requirements of Rules 23(a) and 23(b)(3). They also argue that even if common issues do not predominate as required by Rule 23(b)(3), the Court should certify certain issues for class treatment under Rule 23(c)(4). For the following reasons, the Court finds Plaintiffs' class does not satisfy Rule 23(b)(3), and issue certification is not appropriate.[1]

#### A. Plaintiffs Have Not Satisfied the Requirements of Rule 23(b)

Plaintiffs seek class certification under Rule 23(b)(3), which provides that a class may be certified if "the court finds that questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods." Fed. R. Civ. P. 23(b)(3).

In assessing superiority, courts can consider "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members: (C) the desirability or

---

[1] Because the Court finds the Class falls short of satisfying Rule 23(b), it need not consider whether it satisfies Rule 23(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-06686-RGK-PJW | Date | March 19, 2018 |
|---|---|---|---|
| Title | *RIERA ET. AL. v. MECTA CO. ET. AL.* | | |

undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *See id.*

Here, those factors weigh against class action treatment. *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1192 (9th Cir.), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001) (holding that "when the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the 'superior' method of adjudication").

First, a class action would not be manageable because the Court would have to conduct mini-trials to resolve individual issues of causation including which ECT device was used on each claimant; the experience, knowledge and method of administration of ECT treatment of each claimant's treating physician; the specific injury experienced by each claimant; and whether the treatment, in fact, caused the injury. Moreover, affirmative defenses may apply depending on each claimant's specific factual scenario.[2] *See* Fed. R. Civ. P. 23(b)(3)(D).

It is true that there is a "well-settled presumption that courts should not refuse to certify a class merely on the basis of manageability concerns." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1127-28 (9th Cir. 2017). Rather, courts should "balance the benefits of class adjudication against its costs." *Id.* at 1128. In *Briseno*, which involved a putative class action against a cooking oils manufacturer, the Ninth Circuit held that administrative feasibility was not required for certification. *Id.* at 1126. However, the court reasoned that in cases like *Briseno* involving inexpensive consumer goods, there is "no realistic alternative to class treatment." *Id.* at 1128.

Here, manageability is not the only 23(b)(3) factor that militates against class action treatment. Unlike *Briseno*, this case does not involve inexpensive consumer goods but rather damages for harm by 'shock treatment' to the brain. Given the severity of injury alleged, putative class members would have a strong interest in individually controlling their own separate actions and potential recovery. *See* Fed. R. Civ. P. 23(b)(3)(A).

Considering the significant incentive putative class members would have to file individual lawsuits and the myriad individual issues that would render this case unmanageable as a class action, class treatment is not superior to other methods of resolving the dispute. *See* Fed. R. Civ. P. 23(b)(3). As such, the action cannot be certified for class treatment. *See* Fed. R. Civ. P. 23(a)-(b).

B. **Issue Certification Under Rule 23(c)(4) Is Inappropriate**

Plaintiffs additionally argue that even if common issues do not predominate over individual ones, certain issues should be certified for class treatment under Rule 23(c)(4). The Court disagrees.

---

[2] The presence of these individual issues is also relevant to the predominance requirement. The Court is not persuaded that common issues predominate over the many individual issues in this action. However, because the Court finds the putative class action does not satisfy superiority, the Court need not formally assess predominance, as Rule 23(b)(3) requires both.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-06686-RGK-PJW | Date | March 19, 2018 |
|---|---|---|---|
| Title | *RIERA ET. AL. v. MECTA CO. ET. AL.* | | |

Rule 23(c)(4) states that "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues." Fed. R. Civ. P. 23(c)(4). The Ninth Circuit has interpreted this rule as authorizing the district court to isolate the common issues and proceed with class treatment of those particular issues even if common questions do not predominate such that class certification of the entire action is warranted. *See Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).

Here, Plaintiffs argue that all issues pertinent to Defendant's liability can be resolved through common proof of regulatory noncompliance. As such, they move the Court to certify the issues of liability and punitive damages for class treatment under Rule 23(c)(4). As discussed above, however, causation—and by extension, liability—involve more individual questions than common ones.

While there may be very discrete portions of each individual case that could theoretically be handled as a class, the Court finds this impractical. In *In re N. Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847 (9th Cir. 1982), *as amended* (July 15, 1982), the court assessed superiority. *Id.* at 856. In so doing, the court considered how severing and litigating certain portions of liability would affect the action. *Id.* However, the court rejected issue certification, reasoning that "[t]he few issues that might be tried on a class basis in this case, balanced against issues that must be tried individually, indicate that the time saved by a class action may be relatively insignificant." *Id.* "A few verdicts followed by settlements might be equally efficacious." *Id.* Here, given the number of individual issues, issue certification is similarly inappropriate. *See* Fed. R. Civ. P. 23(c)(4).

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Class Certification.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer  _____