David M. Karen, Esq. State Bar No. 117883
dk@dk4law.com

**DK LAW GROUP, LLP**
3155 Old Conejo Road
Thousand Oaks, CA 91320
Tel: (805) 498-1212
Fax: (805) 498-3030

Attorneys for Plaintiffs JOSE RIERA and DEBORAH CHASE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RIERA; DEBORAH CHASE, <br><br> Plaintiffs, <br><br> v. <br><br> SOMATICS, LLC, <br><br> Defendant. | Case No.: 2:17-CV-06686-RGK-PJW <br> [Assigned to Hon. R. Gary Klausner, Court Room 850] <br><br> **PLAINTIFFS' MOTION IN LIMINE NO. 1:** <br><br> **TO EXCLUDE EVIDENCE OF AND PRECLUDE REFERENCE TO SCIENTOLOGY AND RELIGIOUS BELIEFS.** <br><br> Trial Date: October 2, 2018 |

**TO THE COURT, THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 2, 2018 at 9:00 a.m., in Courtroom 850 of the above-captioned Court, Plaintiffs JOSE RIERA and DEBORAH CHASE, (collectively "Plaintiffs"), will and hereby do move for an order to exclude evidence of and preclude reference to "Scientology", the "Church of Scientology" or the religious beliefs, practices or associations of any party or witness in this action at trial. This motion is made on the ground that such evidence is irrelevant, prejudicial, and otherwise inadmissible.

1   This motion is based on this Notice of Motion, on the attached Memorandum
2 of Points and Authorities, on the pleadings and papers on file in this action, and on
3 such further evidence, authority, and argument as the Court may accept at the hearing
4 of this motion.
5   In compliance with Local Rule 7-3, this motion is made following the meet and
6 confer between counsel for Plaintiffs and Defendant, which resulted in an inability to
7 reach a stipulation on the subject matter of this motion.
8 DATED: August 17, 2018                    Respectfully submitted,
9                                           **DK LAW GROUP, LLP**
10                                          By:   /s/   *David M. Karen*
11                                                David M. Karen, Esq.
                                                  Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action was initially commenced on September 11, 2017 and arose from six plaintiffs' putative class action claims against the original Defendants to this action, Mecta Corporation ("Mecta") and Somatics, LLC ("Somatics") who are the manufacturers and distributors of electroconvulsive therapy ("ECT") devices that are used to induce grand mal seizures in patients through electric shock as a purportedly safe and effective form of "therapy", and which Plaintiffs allege, among other things, Defendants failed to provide sufficient warning of the risks of permanent memory loss and brain damage, among others, resulting in their injury by Defendant's ECT devices.

Since commencement of this action, class certification was denied, Defendant Mecta and four of the original Plaintiffs were dismissed, and the complaint has been amended several times. Now, the remaining parties preparing for the October 2, 2018 trial of this matter are Plaintiffs Jose Riera and Deborah Chase ("Plaintiffs) and Defendant Somatics, LLC("Defendant" or "Somatics"). The operative pleading is Plaintiffs' Fourth Amended Complaint ("4AC"), which Defendant has answered. Plaintiffs' 4AC [Docket Entry No. 73] asserts six product liability causes of action against Somatics, premised on three theories of causation (failure to report, failure to warn, and distribution of misbranded devices) related to Defendant's manufacture and distribution of electroconvulsive shock therapy ("ECT") devices. Plaintiffs allege that they have suffered unwarned damages of permanent memory loss, permanent cognitive dysfunction and brain damage from Defendant's devices.

During recent meet and confer efforts between the parties' respective counsel regarding evidence to be excluded at trial, Defendant has refused to stipulate to exclusion of and instead indicated an intent to introduce into evidence at trial matters regarding "Scientology", the "Church of Scientology" and/or the religious beliefs, practices or opinions of witnesses or parties who have submitted declarations or testimony on behalf of or support of Plaintiffs, despite the fact that neither Plaintff,

nor their counsel bears any affiliation with Scientology, no mention of Scientology or related religious beliefs or opinions are asserted by any such witnesses in the declarations or testimony of or as a stated basis for any opinions stated in the declarations or testimony of any of Plaintiffs' witnesses. (See August 13, 2018 Meet and Confer Correspondence from Jason Benker ("Benker Letter"), p. 1, Declaration of David M. Karen ("Karen Decl."), ¶ 3, Ex. B , Docket Entry No. 87-4.

Moreover, information regarding any parties' or witnesses' association with the Church of Scientology, if any, or any other religious organization has no bearing on the issues in dispute, their credibility with regard to the subject matter upon which they have opined and/or will be testifying to at trial. However, if Defendant is allowed to probe into the religious beliefs of any party or witness, revealing certain religious beliefs or practices, or a lack thereof, the jury would be injected into a debate of appropriateness of religious affiliations, the Plaintiffs unduly prejudiced as a result, based on jurors own individual religious beliefs or lack thereof, and their opinions as to certain beliefs and practices of others that have absolutely no probative value to the matters at issue in this action.

Therefore, any questions regarding, or evidence or mention of belief in or support of "Scientology", "Church of Scientology" or any religious beliefs, opinions, practices or associations of any party or witness are irrelevant, prejudicial, and otherwise inadmissible and should be precluded at trial in this action.

## II.   AUTHORITY FOR MOTION IN LIMINE

A motion *in limine* is part of the District Court's inherent authority to manage the course of trials. *Luce v. United States,* 469 U.S. 38, 41, n.4 (1984), citing F.R.E. 103(c). The rationale for hearing a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *United States v. Chan,* 184 F.Supp.2nd 337, 340 (S.D.N.Y. 2002).

///

The purpose of a motion *in limine* is to avoid the futile attempt of "unring[ing] the bell" when jurors have seen or heard inadmissible evidence, even when stricken

from the record. *Brodit v. Cambra,* 350 F.3d. 985, 1004-1005 (9th Cir. 2002). Motions *in limine* also serve to streamline trials, by settling evidentiary disputes in advance and by minimizing side-bar conferences and other disruptions at trial. *United States v. Tokash,* 282 F.3d. 962, 968 (7th Cir. 2002).

F.R.E. 104(a) provides that, in general, "[t]he court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible."

F.R.E. 402 mandates that "[o]nly relevant evidence is admissible."

In particular, pursuant to F.R.E. 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See, e.g., Janes v. Wal-Mart Stores, Inc.,* 279 F.3d. 883, 886 (9th Cir. 2002). Evidence should also be excluded pursuant to a motion *in limine* when it is inflammatory, misleading, and confusing. *United States v. Varela-Rivera,* 279 F.3d. 1174, 1179 (9th Cir. 2002).

## III. AUTHORITY FOR EXCLUDING EVIDENCE AT TRIAL

### A. Irrelevance

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Federal Rules of Evidence, Rule 401. Irrelevant evidence, however, is not admissible. Rule 402.

Here, any proffered evidence or mention of "Scientology", "Church of Scientology" or the religious beliefs, opinions, practices or associations of any party or witness, whether associated with Scientology or any other religious organization is not relevant because it does not pertain to a matter at issue in this lawsuit. The issues are defined by the pleadings. There is no pleading of a theory which would make Scientology or the religious beliefs, practices or associations of any party or witness relevant.

5
PLAINTIFFS' MOTION IN LIMINE NO. 1

Therefore, such evidence is not of consequence to the action, and is thus irrelevant and inadmissible. As such, evidence concerning, reference to or mention of "Scientology", "Church of Scientology" or the religious beliefs, practices, or associations, if any, of the parties or witnesses in this matter should be excluded on that ground.

### B. Unfair Prejudice Outweighs Any Probative Value

Evidence, even relevant evidence, may be excluded if its probative value is substantially outweighed by unfair prejudice. Rule 403.

Few things can generate more bias and division in today's world than religious beliefs. (*See, Int'l Refugee Assistance Project v. Trump,* 857 F.3d 554 [affirming preliminary injunction against travel ban due to violation of the Establishment Clause resulting from motivation to exclude Muslims from the United States].) The right to unbiased and unprejudiced jurors is an inseparable and inalienable part of the right to a trial by jury guaranteed by the constitution. *Lombardi v California S. R. Co.,* (1899) 124 Cal. 311,317.)

Pursuant to F.R.E. 601, "in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision." A foundational provision in the California Constitution mandates that: "A person is not incompetent to be a witness or juror because of his or her opinions on religious beliefs." (Cal. Const., Art. 1 § 4.) For this reason, California's rules of evidence could not be more clear on the issue: "Evidence of his religious belief or lack thereof is inadmissible to attack or support the credibility of a witness." (Cal. Evid. Code § 789; *see also, People v. Morris,* 53 Cal. 3d 152, 210 at fn. 10 ["...attempt to impeach one of the inmate witnesses on the ground that she was a former devil worshiper was improper"].) A similar rule is also stated in F.R.E. 610 ["Evidence of witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility."].

///

In this instance, Defendant apparently intends to present evidence of or make reference to "Scientology", "Church of Scientology", or the potential religious beliefs, practices, or associations of the parties or witnesses at trial. (See August 13, 2018 Meet and Confer Correspondence from Jason Benker ("Benker Letter"), p. 1, Declaration of David M. Karen ("Karen Decl."), ¶ 3, Ex. B , Docket Entry No. 87-4.

However, aside from the defect of irrelevance discussed above, and the fact that Defendant has not and cannot lay a foundation for introducing evidence or examining witnesses regarding their religious beliefs or associations, the mere mention or inquiry into the religious beliefs, practices or associations of the parties or witnesses may be sufficient to tempt a jury to decide the issues of whether Defendants are negligently or strictly liable for Plaintiffs' injuries based upon potentially highly prejudicial information of marginal, if any, probative value, rather than the straight-forward laws, regulations and facts, that are most pertinent to deciding this matter on the merits. Additionally, introduction of or reference to such prejudicial evidence would confuse the issues, mislead the jury, cause undue delay, and waste the time of the Court, the jury, and counsel.

Specifically, Plaintiffs believe that Defendants will attempt to unfairly bias the jury against Plaintiffs and Plaintiffs' witnesses by delving into their respective religious beliefs, practices and/or associations, which may or may involve Scientology or the Church of Scientology, so as to claim that Plaintiffs or their witnesses are Scientologists or hold religious opinions that are "anti-ECT" and attack their credibility to offer evidence in support of Plaintiffs' claims. However, not only is such questioning or information regarding religion irrelevant and unable to be used to attack the credibility of witnesses, such questioning alone could be used to make improper inferences that the present action is an "ECT movement" sanctioned by Scientology, or that a party or witness holds certain religious beliefs or practices by their mere association with other witnesses or parties in this action, seeking to improperly influence the jury to draw upon stereotypes related to certain religions or religious beliefs, and/or mislead or unfairly prejudice the jury against Plaintiffs or

their witnesses. Given the strong feelings and opinions that religion can evoke, even the mere mention or suggestion of Scientology, via examination, that a party or witness may or may not support or be inclined to hold a certain religious belief or association would be so unfairly prejudicial as to outweigh any probative value, or "unring the bell." If any jurors hold distinctly different beliefs or unfavorable opinions of a religion such as Scientology or of any other potential religious practices, beliefs or associations of the parties or their witnesses, so as to bias them against such parties or witnesses (collectively or individually) solely on the basis of their suggested religious associations or lack thereof, or their direct or indirect involvement in this litigation with other parties or witnesses, regardless of whether such parties or witnesses actually hold or share those beliefs or associations or not.

Scientology or any of the other religious practices, beliefs or associations of the parties or their witnesses is not probative of any issue in this case. As such, the nil probative value of this evidence is far outweighed by its prejudicial characteristics. Accordingly, such evidence should be excluded under Rule 403.

DATED: August 17, 2018            Respectfully submitted,

**DK LAW GROUP, LLP**

By: /s/ *David M. Karen*
David M. Karen, Esq.
Attorneys for Plaintiffs

**PROOF OF SERVICE**
(F.R.Civ.P. Rule 5(b); U.S.D.C., C.D. Cal., L.R. 5-3; C.C.P. §§ 1013a, 2015.5)

**Jose Riera, et al. v. Somatics, LLC**
United States District Court Case No. 2:17-CV-06686-RGK-PJW

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is 3155 Old Conejo Road, Thousand Oaks, CA 91320.

On August 17, 2018, I served the foregoing document described as: **PLAINTIFFS' MOTION IN LIMINE NO. 1** on the interested parties in said action as follows:

SEE ATTACHED SERVICE LIST

☐ By Mail [Federal] I placed such envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California.

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below.

☐ I caused said document(s) to be transmitted by email to each addressee set forth below on this date. The transmission of this document was complete and without error.

☐ I caused such envelope to delivered via overnight delivery to the party(ies) listed on the attached mailing list.

Executed on August 17, at Thousand Oaks, CA.

☐ [State] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ [Federal] I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

　　　　　*/S/ David M. Karen*
　　　　　David M. Karen, Declarant

## SERVICE LIST

**Jose Riera, et al. v. Somatics, LLC**
United States District Court Case No. 2:17-CV-06686-RGK-PJW

| | |
|---|---|
| David S. Poole | Counsel for Somatics, LLC |
| Jason A. Benkner | |
| **POOLE & SHAFFERY, LLP** | |
| 400 South Hope Street, Suite 720 | |
| Los Angeles, California 90017 | |
| T: (213) 439-5390 | |
| F: (213) 439-0183 | |
| E: dpoole@pooleshaffery.com | |
|   jbenkner@pooleshaffery.com | |

10
**PLAINTIFFS' MOTION IN LIMINE NO. 1**